IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01049-PAB-KLM

Q.B. ASSOCIATES LTD. and
EDDIE HALCOMB,

    Plaintiffs,

v.

CITY OF LEADVILLE,
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LAKE,
ROBERT HARVEY, Ex Fire Chief,
BUD ELLIOTT, Former Mayor,
TOM TAYLOR, Building Official,
TIGER VOLZ, Former Building Official,
CARL SCHAEFER,
MIKE BORDOGNA,
DOLORES SEMSACK,
BETTY BENSON,
LUE ELLEN BROWNLEE,
DEBBIE DARBY,
RHONDA HUGGINS,
MAX DUARTE,
JAIME STUEVER, and
MIKE LEAKE, Police Chief,

    Defendants.
_____

**ORDER**
_____

    This matter comes before the Court on the motion pursuant to Fed. R. Civ. P. 41(a) [Docket No. 51] and the Stipulation for Dismissal [Docket No. 56] of certain claims against defendants Mike Bordogna, Dolores Semsack, the Board of County Commissioners, and the City of Leadville.

Plaintiffs request that the Court dismiss certain claims against defendants with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Docket No. 51 at 1; Docket No. 56 at 1. Defendants have filed answers to the amended complaint, Docket Nos. 35-37, and the pleadings are signed by all of the parties that have appeared in the case. *See* Fed. R. Civ. P. 41(a)(1).

Although there is no controlling decision of the Tenth Circuit, the weight of authority from circuit courts is that Rule 41(a) governs dismissal of all claims against a defendant and does not allow for piecemeal dismissals. *See Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (noting that there is no support for the "contention that Rule 41(a) applies to dismissal of less than all claims in an action"); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint . . . [instead, we agree with two of our sister circuits] that Federal Rule of Civil Procedure 15(a) is the appropriate mechanism"). In cases such as this one, where a plaintiff has attempted to dismiss fewer than all claims against a defendant, courts typically convert the plaintiff's motion into a Rule 15 motion to amend the complaint. *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, 2011 WL 1793388, at *3 (N.D. Okla. May 11, 2011); *see, e.g., Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983) ("it is immaterial whether [the] court acts pursuant to Rule 15(a) or Rule 41(a)(2)").

Accordingly, the Court will construe plaintiffs' motion under the standards applicable to a Rule 15 motion. Rule 15(a) provides that, "after a responsive pleading has been served, a party may amend its pleading 'only by leave of court or by written

consent of the adverse party,'" and "leave shall be freely given when justice so requires." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); Fed. R. Civ. P. 15(a).  Rule 15 instructs that courts should grant amendments in the absence of undue delay, prejudice, futility, or bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the present case, the Court finds no reason to deny the withdrawal of plaintiffs' Sixth, Ninth, and Tenth claims against defendants Bordogna and Semsack.  Similarly, the Court finds no reason to deny the withdrawal of plaintiffs' Twelfth claim against the Board of County Commissioners, Bordogna, and Semsack as well as plaintiffs' First, Second, Third, Fourth, Sixth, and Twelfth claims against the City of Leadville.[1]  Plaintiffs' motion is unopposed and there has been no undue delay, prejudice, or dilatory motive on behalf of plaintiffs.

Accordingly, it is

**ORDERED** that the Joint Motion for Dismissal With Prejudice of Plaintiffs' Sixth, Ninth and Tenth Claims for Relief Against Defendants Mike Bordogna and Dolores Semsack Only and the Twelfth Claim for Relief Against Defendants Board of County Commissioners of Lake County, Mike Bordogna and Dolores Semsask [Docket No. 51] is **CONVERTED** into a Rule 15 Motion to Amend and **GRANTED**.  It is further

---

[1] Plaintiff's Twelfth Claim for exemplary damages against the City of Leadville is included in a prior stipulation filed by the parties.  *See* Docket No. 48.  The Court, however, will dismiss that claim pursuant to this order instead.

**ORDERED** that the Stipulation for Dismissal with Prejudice of Claims 1,2,3,4, and 6 Against Defendant, the City of Leadville [Docket No. 56] is **CONVERTED** into a Rule 15 Motion to Amend and **GRANTED**. It is further

**ORDERED** that plaintiffs' sixth, ninth, tenth, and twelfth claims for relief are withdrawn as to defendants Mike Bordogna and Dolores Semsack. It is further

**ORDERED** that plaintiffs' twelfth claim for relief is withdrawn against defendant Board of County Commissioners of Lake County. It is further

**ORDERED** that plaintiffs' First, Second, Third, Fourth, Sixth, and Twelfth claims for relief are withdrawn against the City of Leadville. It is further

**ORDERED** that each party shall bear its own attorneys' fees and costs.

DATED July 31, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge